**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1997 SESSION**



FILED

May 1, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9605-CR-00202** |
| Appellee, | ) | |
| | ) | **HAMILTON COUNTY** |
| VS. | ) | |
| | ) | **HON. DOUGLAS A. MEYER,** |
| **LISA D. CASLIN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**DONNA R. MILLER**                          **JOHN KNOX WALKUP**
Asst. Public Defender                   Attorney General & Reporter
701 Cherry St.
Suite 300                                       **SANDY R. COPOUS**
Chattanooga, TN 37402              Asst. Attorney General
                                                   450 James Robertson Pkwy.
                                                   Nashville, TN 37243-0493


                                                   **GARY D. GERBITZ**
                                                   District Attorney General


                                                   **YOLANDA MITCHELL**
                                                   Asst. District Attorney General
                                                   City-County Courts Bldg.
                                                   Chattanooga, TN 37402

OPINION FILED:_____


**AFFIRMED**


JOHN H. PEAY,
Judge

**O P I N I O N**

The defendant was indicted on September 14, 1994, for the first-degree murder of Christopher Robinson.  She pled guilty to voluntary manslaughter, a Class C felony,  on October 9, 1995.  After a sentencing hearing, the trial court sentenced her as a Range I standard offender to four years in the Tennessee Department of Correction. In this appeal as of right, the defendant asserts that the trial court erred by not sentencing her to the minimum sentence and by not granting her probation or alternative sentencing. After a review of the record, we find no error and affirm the judgment of the court below.

The defendant and the victim, Christopher Robinson, had dated each other for a period of one to two years.  Robinson was the father of the defendant's second child.  At the sentencing hearing, the defendant testified that her relationship with the victim was a violent one and that on different occasions the victim had slapped her, had thrown her against things, had choked her, and had pretended to suffocate her.  She further testified that the victim's abuse of alcohol contributed to their problems.

On the evening of May 9, 1994, the victim and the defendant attended a barbeque at a relative's home.  The defendant testified that the victim had been drinking beer and that he had threatened her with a baseball bat earlier in the day.  The defendant left the barbeque and returned to the house she shared with her mother.  In the early morning hours of May 10, the victim also returned to the home.  The defendant testified that she had been upset about the lateness of the hour and that she asked the victim to leave.  She testified that the victim had then started pushing her and slapping her.  The victim then rushed toward her and attempted to choke her.  She then pulled a pocket

knife from her pants pocket and stabbed the victim. When she realized that the victim was bleeding, the defendant yelled for her mother and asked her to call 911. As they waited for paramedics to arrive, the defendant and her mother applied pressure to the victim's two stab wounds. The victim died shortly after arriving at the hospital.

The defendant now complains that she should have received the minimum sentence and that she should have received probation or alternative sentencing. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range

3

is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

The defendant was sentenced to four years in prison. As a Range I standard offender, the sentencing range for Class C felonies is not less than three but no more than six years. T.C.A. § 40-35-112(a)(3). The defendant claims that the trial court erred by not sentencing her to the minimum amount of time within the range. The trial court found two enhancing factors applied to the defendant, thus creating a need to depart from the minimum penalty.

The trial court specifically found that the defendant had a history of previous convictions beyond that necessary to establish the appropriate range and that the

4

defendant used a deadly weapon during the commission of the offense. T.C.A. § 40-35-114(1) and (9). The application of these enhancement factors is obviously correct. The defendant has been previously convicted of assault, and she used a knife in the commission of the offense for which she has now been convicted.

As to the mitigating factors, the trial court stated:

> And in considering the mitigating factors, if she had been convicted by a jury of second degree murder, then I might find number 2 and number 3, but on voluntary manslaughter where she's actually pleading to a lesser offense, I'm not sure that her conduct could be excused. . . .
> [A]nd then number 11, that although guilty of the crime, committed the offense under such unusual circumstances, again, the fact she pled to a lower, lesser offense I don't really believe applies.
> Of course, I have to, on mitigating factors, only consider voluntary manslaughter. I can't consider the fact that she was charged with second degree[sic] murder. I do find, though, that it was a domestic situation in the sense that they were parents of the same child and that they had squabbled and fought at times. Of course, I don't think there's any question that she used excessive force in this case. I believe that the enhancing factors outweigh the mitigating factors, and the proper sentence is four years in the Department of Correction[ ].

The defendant argues that the trial court erred when it considered the defendant's indicted offense rather than the offense for which she was convicted.[1] While the trial judge does mention that the defendant was indicted for a more serious offense, he then states that he will not consider that fact. He addressed the possible mitigating factors offered by the defendant but rejected those which he felt had been considered in reaching the plea agreement for voluntary manslaughter. These factors from T.C.A. §

---

[1]The trial court mistakenly stated that the defendant had been indicted for second-degree murder; she was actually indicted for first-degree murder.

40-35-113 included: that the defendant acted under strong provocation(2); that substantial grounds existed to excuse or justify the defendant's criminal conduct(3); and that the defendant, although guilty of the crime, acted under such unusual circumstances that it is unlikely a sustained intent to violate the law motivated her conduct(11).

This Court has used the term "double mitigation" to refer to situations when the defendant has been convicted of a lesser offense rather than with what he or she was indicted and when this factor is used to mitigate the length of a defendant's sentence. While such "double mitigation" is not prohibited by T.C.A. § 40-35-113, the decision of whether to "double mitigate" is an act of discretion, reviewable under the same standards as all other sentencing issues. State v. Ricky D. Clanton, No. 01C01-9302-CC-00072, Bedford County (Tenn. Crim. App. filed Dec. 30, 1993, at Nashville); State v. Cindy Lynn Smith, No. 03C01-9206-CR-00219, Hamblen County (Tenn. Crim. App. filed March 25, 1993, at Knoxville). As in Clanton, where the defendant was indicted for second-degree murder but pled guilty to voluntary manslaughter, we find that the trial court did not err by failing to "double mitigate." We further find that no other mitigating factors apply to this defendant. Thus, the trial court did not err when it sentenced this defendant to four years, one year above the minimum sentence.

The defendant next complains that she should have been granted probation or an alternative sentence. Tennessee Code Annotated § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is

6

particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

The defendant was convicted of a Class C felony, therefore, she is

7

presumed to be an eligible candidate for alternative sentencing in the absence of evidence to the contrary. The trial judge found that incarceration was necessary for this defendant in order to avoid depreciating the seriousness of the offense. He also cited the defendant's previous conviction for assault as further evidence of the need for incarceration. The defendant was convicted of assault after stabbing her brother four times. For the assault conviction, she was given a suspended sentence of eleven months, twenty-nine days. Thus, it appears to this Court that measures less restrictive than confinement have been used unsuccessfully with this defendant.

The defendant argues that the trial court should have considered the fact that she now has three young children.[2] While we sympathize with this fact, we do not think it is reason enough to grant probation or an alternative sentence. The defendant has a poor social history in that she did not receive her high school diploma, she has worked off and on for only a few months, and she supports herself only with money received from AFDC. Additionally, after the death of the victim, she engaged in a relationship with the father of her first child and became pregnant for a third time despite the fact that the father has never supported the first child.

Furthermore, the defendant results to violence as a way to settle arguments. She stabbed her brother four times and evidently learned nothing from the incident as she later stabbed and killed the victim in this case. We think the trial judge did not abuse his discretion in denying probation or alternative sentencing for this defendant. She has failed to carry her burden of showing that the sentence is improper.

_____

[2]The defendant was pregnant with her third child at the time of the sentencing hearing.

Therefore, the defendant's sentence as determined by the trial court is affirmed.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JOHN H. PEAY, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge